Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000564
15-JAN-2019
09:43 AM

NO. CAAP-17-0000564

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM E. BARRIOS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE ID NO. 2PC10-1-000589)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendant-Appellant William E. Barrios (Barrios)
appeals from the July 20, 2017 Circuit Court of the Second
Circuit's (Circuit Court) Judgment of Conviction and Sentence.[1]
In State v. Barrios, 139 Hawai'i 321, 338, 389 P.3d 916, 933
(2016), the Hawai'i Supreme Court affirmed Barrios's convictions
but vacated his sentence and remanded for resentencing.
Barrios's convictions were for seventy-two counts of Sexual
Assault in the First Degree (Counts 1-4, 21-33, 66-120), in
violation of Hawaii Revised Statutes (HRS) § 707-730 (2014), two
counts of Kidnapping in violation of HRS § 707-720 (2014) (Counts
41 and 42), and seventy two counts of Sexual Assault in the Third
Degree (Counts 5, 34-40, 46-65, 130-153, and 174-193), in
violation of HRS § 707-732 (2014).

On remand, the Circuit Court resentenced Barrios to
terms of incarceration as follows:

Counts 1-4: TWENTY YEARS in each count, which shall run
concurrently with each other.

---

[1] The Honorable Richard T. Bissen, Jr., presided.

**Counts 21-33:** TWENTY YEARS in each count, which shall run concurrently with each other, and CONSECUTIVELY to Counts 1-4.

**Counts 66-89:** TWENTY YEARS in each count, which shall run concurrently with each other, and CONSECUTIVELY to Counts 1-4 and 21-33;

**Counts 90-120:** TWENTY YEARS in each count, which shall run concurrently with each other, and CONSECUTIVELY to Counts 1-4, 21-33, and Counts 66-89.

**Counts 41, 42:** TEN YEARS in each count, which shall run concurrently with each other, and CONSECUTIVELY to all other counts.

**Counts 5, 34-40, 46-65, 130-153, 174-193:** FIVE YEARS in each count, which shall run concurrently with each other, and CONSECUTIVELY to all other counts.
TOTAL: NINETY-FIVE YEARS
Credit given for time served.

On appeal, Barrios contends that the Circuit Court abused its discretion by relying on an uncharged crime as an aggravating factor in its sentencing decision.

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issue and the arguments raised by the parties we resolve Barrios's appeal as follows and affirm.

Barrios argues that the Circuit Court abused its discretion by sentencing him to consecutive terms of imprisonment. "A trial court abuses its discretion when it 'clearly exceed[s] the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'" State v. Garcia, 135 Hawai'i 361, 368, 351 P.3d 588, 595 (2015) (quoting State v. Merino, 81 Hawai'i 198, 211, 915 P.2d 672, 685 (1996)). Barrios does not challenge the Circuit Court's authority to impose consecutive terms. See HRS § 706-668.5 (2014) (amended 2015). Rather, Barrios argues the Circuit Court relied on the uncharged crime of Failure to Comply with Covered Sex Offender Registration, in violation of HRS § 846E-2 (2014), as an aggravating factor in its decision to impose consecutive sentences. We disagree.

A sentencing judge generally has broad discretion in imposing a sentence. State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013). HRS § 706-606 (2014)[2] provides the factors the sentencing court shall consider in determining the particular sentence to be imposed. "[A]bsent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors[.]" State v. Hussein, 122 Hawai'i 495, 518, 229 P.3d 313, 336 (2010) (citation and internal quotation marks omitted). However, the sentencing court "should explain its rationale for each consecutive sentence in order to inform the defendant and appellate courts of the specific factors underlying each sentence." Barrios, 139 Hawai'i at 337, 389 P.3d at 932. The court "cannot punish a defendant for an uncharged crime in the belief that it too deserves punishment." State v. Nunes, 72 Haw. 521, 525, 824 P.2d 837, 840 (1992). "[A] palpable claim of error arises when a sentencing court cites an uncharged crime as a factor in its sentencing decision." State v. Mikasa, 111 Hawai'i 1, 8, 135 P.3d 1044, 1051 (2006). However, where

---

[2]     HRS § 706-606 provides:

**Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:

    (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    The need for the sentence imposed:

        (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

        (b)    To afford adequate deterrence to criminal conduct;

        (c)    To protect the public from further crimes of the defendant; and

        (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    The kinds of sentences available; and

    (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

circumstances otherwise support the exercise of discretion in favor of consecutive sentencing the court's remarks must clearly indicate reliance on the uncharged crime as an aggravating factor to warrant resentencing. Compare id. at 9, 135 P.3d at 1052 (consecutive sentence affirmed absent clear reliance on mere mention of uncharged conspiracy) with State v. Vinge, 81 Hawai'i 309, 324, 916 P.2d 1210, 1225 (1996) (resentencing required where court clearly relied on unproven gang membership despite other support for consecutive sentence) abrogated on other grounds, State v. Cabagbag, 127 Hawai'i 302, 314, 277 P.3d 1027, 1039 (2012).

The Circuit Court specifically stated its reasons for imposing consecutive sentences after consideration of statutory factors, testimony at the sentencing hearing, the victim's age and vulnerability, the disturbing nature of the crimes, the large number of counts, extensive criminal history, fairness of the sentence in comparison to others and to the maximum, the need to protect the public, Barrios's need for sex offender treatment, and the need for equal treatment of similar defendants. The reasons given are valid in our review of the sentencing testimony, presentence investigation report, and the facts of the underlying case. See Barrios, 139 Hawai'i at 325-26, 389 P.3d at 920-21. The only issue, therefore, is whether the Circuit Court's statement clearly indicates reliance on the uncharged conduct of failure to register as a sex offender.

Barrios cites and emphasizes the court's following statement at sentencing:

> Probably the most important factor to be considered by the Court is the protection of the public. And this family in particular, I heard their testimony at the initial sentencing hearing. I mean the one that this Court held. Who knows what would have happened if you had registered as a sex offender as you were required to do when you moved to the State of [Hawai'i]. Perhaps that would have given adequate notice to a mom with two young kids to stay away from you.

Contrary to Barrios's argument, this statement does not clearly indicate reliance on the uncharged crime. Absent from the record is a statement like that in Vinge where the court identified the defendant's purported gang membership as a reason to impose a consecutive sentence as a message of deterrence to others.

4

Vinge, 81 Hawai'i at 315, 916 P.2d at 1216. In formulating the sentence in this case, the court tied each concurrent and consecutive sentence to specific charged conduct. Further, within the cited paragraph the court refers to the victim's statement at the sentencing hearing, which primarily concerned Barrios's danger to the public and his certainty of reoffending if released. We conclude that the Circuit Court's statement did not clearly indicate reliance on the uncharged crime. Therefore, Barrios's argument is without merit.

For the foregoing reasons, the July 20, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 15, 2019.

On the briefs:

John F. Parker,
for Defendant-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge